ALLEN *against* HORTON.

IN error, on *certiorari*, from a justice's court.

*Horton* sued *Allen*, before the justice, in an action of *assumpsit*, and the defendant offered matter by way of set-off; but it was rejected, on the ground that it ought to have been set off in a former action of *trespass*, between the same parties.

This was the only point. The counsel submitted the return, with the affidavit annexed, to the court; and from them it appeared, that *Horton* sued *Allen* before the same justice in two actions; one in *trespass*, and the other in *assumpsit*; and in both suits the summons was returnable, at the same time and place. The action of trespass was first brought on to trial, and issue joined, and then adjourned to a future day. Immediately after, the present cause came on, and the above set-off was rejected.

At the adjourned trial of the trespass cause, the set-off in question was allowed.

*Per Curiam.* The fact stated by the justice, that the set-off had been subsequently allowed in another action, cannot be taken notice of upon his return in this cause, because it was going out of the case. It was testimony not within the requisition of the *certiorari*, and for the truth of which the justice could not be responsible, in an action for a false return. The refusal of the set-off was wrong, because it was not strictly admissible in the former suit, which was trespass. For that reason, the judgment must be reversed.

Judgment reversed.

Where A. sued B. in an action of *trespass*, and also in *assumpsit*, and the process in both suits was returnable at the same time and place, and the action of *trespass* was first called on, and issue joined, and the cause adjourned to a future day; and immediately after, the action of *assumpsit* was called on, and the defendant pleaded matter by way of *set-off*, which was rejected by the justice, on the ground, that it ought to have been pleaded in the first suit; but it was afterwards allowed to be set off at the trial of the action of trespass. It was held, that the set-off ought to have been allowed in the action of *assumpsit*, and the judgment below was reversed.